BARQUET BROTHERS, Plaintiffs and Appellees, *v.* TREASURER OF PORTO RICO, Defendant and Appellant.

No. 4358.  Argued November 27, 1928.—Decided June 7, 1929.

*George C. Butte, Attorney General,* and *C. Llauger* and *Arturo Ortiz, Assistant Attorneys General,* for the appellant. *López de Tord & Zayas Pizarro* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

Barquet Hermanos brought a suit to recover taxes paid under protest and obtained judgment in their favor. The theory of the complaint was that the plaintiff firm had a right to deduct from their taxable income accounts that were totally uncollectible or valueless. It may be said that one of the principal grounds on which the Government opposed the deduction was that such alleged deductions should be charged off within the taxable year, as required by the act in force at the time the tax was sought to be collected, namely, for the fiscal year of 1921–1922. The Act of 1921, p. 322, with regard to deductible items, says as follows:

"(5) Debts ascertained to be worthless the amount of which has been charged off, credited and taken off the books during the taxable year."

The appellant draws attention to the fact that our income tax law in Porto Rico is a ramification of the federal act and the interpretation put upon it is the same or similar to the interpretation put upon it by the federal authorities, including therein the officials of the Treasury of the United States. The Attorney General makes various citations that we find it unnecessary to repeat. We think it is perfectly clear that deductions should be charged off within a taxable year and charged off the books of the taxpayer, if he keeps books. The plaintiff was a merchant and was required to keep books and did in fact keep them, although it is conceded or admitted that the books were imperfect. In other words, one of the principal matters brought out in this case was that the accounts collectible never entered in the ledger of the plaintiff, but were kept in an auxiliary book. The theory of the court and of the appellee is that at the end of every year the plaintiff went over its books and made a liquidation wherein the uncollectible accounts were deducted from its showing of assets or its showing in general. However, we fail to find in the record any distinct step by which the plaintiff firm

marked off or deducted the said uncollectible accounts. The evidence discloses that all accounts receivable of the plaintiff firm appeared on the auxiliary book above mentioned as outstanding obligations during the fiscal year 1921–1922, no distinction being made thereon between the accounts considered as collectible and those deemed by the plaintiff as bad debts. No special record was provided for doubtful or uncollectible accounts and no entry was actually made to show the state of uncollectibility. We feel bound to hold that while the plaintiff could make the deductible items in some later year, it was not able to deduct them for the fiscal year 1921–1922, because the deductions required by law were not made; in other words, plaintiff did not specifically charge off the uncollectible items. This is the case in a nutshell, and it is unnecessary to consider some of the errors alleged by the apellant. It makes no difference that the expert of the plaintiff, Mr. Díaz Brink, was able to say that the system of bookkeeping would enable the firm to determine its balance sheet. We fail to find that even in its subsidiary book the plaintiff firm made any deductions of amount which were the equivalent of the deductions required to be made specifically by the statute.

On the other hand, the defendant offered evidence of three or four persons among a vast number having accounts who gave testimony tending to show that their accounts had either been paid to the plaintiff in one way or the other, or that they were not insolvent. The theory of the Government was that the plaintiff had failed successfully to make out a case of uncollectible accounts. To some of this argument the appellee counters that if the accounts had been paid they still would have been chargeable off the books, that they were no longer accounts collectible. This argument, it seems to us, involves a fallacy. It was a matter of bookkeeping and if accounts were paid in any way, in merchandise directly or indirectly, the appropriate credits should have been made. If the accounts had been paid they were benefits received by the firm

and hence in no sense were deductible. The matters received in payment were income.

With all these facts in view we are not satisfied that the plaintiff made out a case of deductible accounts.

The judgment should be reversed and the complaint dismissed.